# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>HTC CORPORATION, ET AL.,<br><br>Defendants. | Civil Action No. 2:17-cv-00078-RWS-RSP (LEAD CASE) |

## ORDER

Before the Court is Defendant ZTE (USA), Inc. ("ZTE") and Plaintiff Cellular Communications Equipment LLC ("CCE") (collectively, the "Parties") Joint Motion to Stay All Claims and Issues Pertaining To U.S. Patent Nos. 8,457,676 and 8,867,472 Pending *Inter Partes* Review and To Stay Certain Deadlines Pertaining To U.S. Patent No. 8,570,957. Having considered the Parties' submissions, the motion is GRANTED. The case is stayed as follows:

**The '676 and '472 Patents**

All claims and issues between the Parties pertaining to U.S. Patent No. 8,457,676 are stayed until a final written decision is issued by the PTAB for each of IPR2016-01493, IPR2017-01081, and IPR2016-01501.[1]

All claims and issues of patent infringement between the Parties pertaining to U.S. Patent No. 8,867,472 are stayed until a final written decision is issued by the PTAB for each of IPR2016-01480 and IPR2017-00982.

---

[1] For purposes of this Order, a final written decision includes a PTAB decision to not institute *inter partes* review.

For the avoidance of doubt, if and when the stay is lifted, the Parties retain all rights, claims, and defenses available as of the date of this Order, with the exception of the following estoppel provisions. Specifically, ZTE is estopped from the asserting any of the following grounds of invalidity with regard to the presently asserted claims of the '676 and '472 patents[2] if and when the stay is lifted:

(1) grounds for which the PTAB instituted IPR and determined those grounds to be insufficient to establish unpatentability after a trial on the merits;

(2) grounds included in a petition but determined by the PTAB to not establish a reasonable likelihood of unpatentability (in other words, administrative review on the merits of a ground); and

(3) grounds not included in a petition that a skilled searcher conducting a diligent search reasonably could have been expected to discover.[3]

For the avoidance of doubt, any petition that is ultimately joined to any aforementioned IPR is considered to be part of the IPR for purposes of the estoppel provisions.

**The '957 Patent**

All deadlines related to U.S. Patent No. 8,570,957 (the "'957 patent") are stayed, with the exception of the following briefing schedule, until the Court rules on Defendants' Motion for Summary Judgment of Invalidity of U.S. Patent No. 8,570,957 Under 35 U.S.C. § 101 in the instant case (Dkt. No. 80). CCE will file its Response by October 13, 2017. No party will file a Reply or Sur-Reply to the Motion.

---

[2] For purposes of this Order, the presently asserted claims of the '676 and '472 patents are Claims 1, 10, 11, 14, 28, and 41 of U.S. Patent No. 8,867,472 and Claims 1, 3, 19, and 21, of U.S. Patent No. 8,457,676.

[3] ZTE is not estopped from asserting grounds included in a petition but which the PTAB found redundant or declined to institute review for another procedural reason.

**SIGNED this 20th day of October, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE