# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | |
|---|---|
| Plaintiff, | No. 2:17-CV-00078-RWS-RSP |
| v. | (lead case) |
| HTC CORPORATION, ET AL, | |
| Defendants. | |

## DOCKET CONTROL ORDER

Having considered the parties' competing proposed docket control orders, *see* Joint Notice [Dkt. # 107], the Court sets the following deadlines in this case.

| Deadline | Event |
|---|---|
| July 8, 2019 | *Jury Selection – 9:00 a.m. in **Marshall, Texas**<br>Before Judge Robert Schroeder III |
| June 7, 2019 | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas**<br>Before Judge Roy S. Payne |
| June 3, 2019 | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| May 30, 2019 | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |

| May 23, 2019 | *File Notice of Request for Daily Transcript or Real Time Reporting. |
| --- | --- |
| | If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| May 16, 2019 | File Motions *in Limine* |
| | The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| May 16, 2019 | Serve Objections to Rebuttal Pretrial Disclosures |
| May 2, 2019 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| April 26, 2019 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| April 22, 2019 | File Sur-Replies in Support of Dispositive Motions and Motions to Strike Expert Testimony (including *Daubert* Motions) |
| April 11, 2019 | File Replies in Support of Dispositive Motions and Motions to Strike Expert Testimony (including *Daubert* Motions) |
| April 1, 2019 | File Oppositions to Dispositive Motions and Motions to Strike Expert Testimony (including *Daubert* Motions) |

| | |
|---|---|
| March 8, 2019 | *File Dispositive Motions and Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |
| March 8, 2019 | Deadline to Complete Expert Discovery |
| February 11, 2019 | Serve Disclosures for Rebuttal Expert Witnesses |
| January 14, 2019 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| January 14, 2019 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| December 3, 2018 | Deadline to Complete Mediation<br><br>The parties are responsible for ensuring that a mediation report is filed no later than 5 days after the conclusion of mediation. |
| November 26, 2018 | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| November 1, 2018 | Claim Construction Hearing – 9:00 a.m., before Judge Payne |
| October 22, 2018 | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| October 15, 2018 | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| October 8, 2018 | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| September 24, 2018 | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any)<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |

| | |
|---|---|
| September 24, 2018 | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| September 10, 2018 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| September 10, 2018 | File Response to Amended Pleadings |
| August 27, 2018 | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| August 20, 2018 | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| July 30, 2018 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| July 16, 2018 | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |

(*) indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Indefiniteness**: In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions for Continuance**: The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a) The fact that there are motions for summary judgment or motions to dismiss pending;

(b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO"):** Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**SIGNED this 20th day of June, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE